**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JOHN M. MILLER, | : | |
| Petitioner, | : | |
| | | Case No. 3:03cv00011 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| JAMES ERWIN[1], Warden, | : | Magistrate Judge Sharon L. Ovington |
| Chillicothe Correctional | | |
| Institution, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION[2]**

**I.    INTRODUCTION**

John M. Miller, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This case is before the Court upon Miller's Petition (Doc. #2), Respondent's Answer (Doc. #23), and the record as a whole.

At the time he filed this case, Miller was an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio. On April 12, 2003, state officials released Miller on post-release control under the supervision of the Ohio Adult Parole Authority. (Doc. #23 at 1). Although Miller is not presently incarcerated, he remains in state "custody" within the meaning of 28

---

[1] James Erwin is no longer the Warden of the Chillicothe Correctional Institution. Tim Brunsman is the current warden.

[2] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

U.S.C. §2254(a).  *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484 (1973).  Respondent does not contend otherwise.  *See* Doc. #23 at 8-21.

## II.   PROCEDURAL HISTORY

Between June 1999 and June 2000, Miller faced criminal charges in the Montgomery County, Ohio Court of Common Pleas.  During his first trial, the jury could not reach a verdict.  A mistrial was declared.  Miller was then tried a second time, and a jury found him guilty of one count of gross sexual imposition upon a person under age 13.  In June 2000, the trial court sentenced Miller to a three-year term of imprisonment.  (Doc. #23 at 3-4, Exhibits A-E).

On May 18, 2001, Miller filed a Motion for Leave to File a Delayed Postconviction Petition the Montgomery County Court of Common Pleas.  On February 5, 2002, the Court of Common Please denied Miller's Motion as untimely.  (Doc. #23, Exh. R).  Miller failed to file a timely appeal of this decision in the Ohio Court of Appeals.

Meanwhile, Miller had filed a timely a direct appeal of his conviction.  The Ohio Court of Appeals affirmed his conviction on May 11, 2001.  (Doc. #23, Exh. I).  Miller did not file a direct appeal in the Ohio Supreme Court.

In August 2001, Miller filed in the Ohio Court of Appeals an Application for Reopening/Reconsideration under Ohio R. App. P. 26(B).  Miller contended that he was denied effective assistance of appellate counsel.  The Ohio Court of Appeals denied Miller's Rule 26(B) Application on September 10, 2001.  (Doc. #23, Exh. M).  Miller did not file a direct appeal of this decision in the Ohio Supreme Court.

On February 5, 2002, Miller returned to the Court of Common Pleas by filing a Motion for a Lawful Speedy Trial.  On March 11, 2003, the Court of Common Please denied this

Motion. (Doc. #23, Exh. W).

### III. MILLER'S PETITION

Miller filed the present case in January 2003 raising four grounds for relief:

Ground One: Petitioner was denied due process of law in Ohio, as he was not brought under the statutory subject-matter jurisdiction of the trial court ... [i]n violation of the Fourth and Fourteenth Amendments....

Ground Two: Petitioner was denied the due process of law in violation of the Fourteenth Amendment.

Ground Three: Petitioner was denied his right to a lawful trial and a lawful speedy trial ... [i]n violation of the Sixth and Fourteenth Amendments....

Ground Four: Petitioner is being held in slavery and/or involuntary servitude without being duly convicted of a crime ... [i]n violation of the Thirteenth and Fourteenth Amendments....

(Doc. #2 at 5-6).

### IV. ANALYSIS

Respondent contends that Miller's Petition is barred by the applicable one-year statute of limitations. This contention is well taken.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires a state prisoner seeking to bring a habeas corpus action to file his or her Petition within one year from the conclusion of his or her state appeal. 28 U.S.C. §2244(d)(1). This one-year period begins to run from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution ... is removed;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable...;

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The AEDPA permits tolling of its one-year statute of limitations as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2).

Miller's direct appeal in the Ohio Court of Appeals concluded on May 11, 2001. (Doc. #23, Exh. I). Because he did not file a timely direct appeal in the Ohio Supreme Court, Miller's conviction became final for federal habeas purposes 45 days later on June 25, 2001.[3] On that day, §2244(d)'s one-year statute of limitations began to run.

The statute of limitations continued to run for 44 days until it was tolled by Miller's act of filing a Rule 26(B) Application in the Ohio Court of Appeals on August 8, 2001. Tolling occurred because Miller's Rule 26(B) Application constituted "a properly filed application State-postconviction or other collateral review..." within the meaning of 2244(d)(2). *See Lopez v. Wilson*, ___ F.3d ___, ___, 2005 WL 2465890 at *1, *11 (6th Cir., Oct. 7, 2005)(*en banc*).

The statute of limitation remained tolled until the Ohio Court of Appeals denied Miller's Rule 26(B) Application on September 10, 2001 plus the 45 days Miller had to file an appeal in the Ohio Supreme Court. (Doc. #23, Exh. M). Because Miller did not file an appeal of the

---

[3] Miller had 45 days to file an appeal in the Ohio Supreme Court. *See* Ohio S.Ct. R. Pract., Rule II, §2(A).

4

denial of his Rule 26(B) application, the statute of limitation began to run again on October 25, 2001.[4] It continued to run unabated for 321 days until it expired on September 11, 2002.

The above is calculated as follows:

| Direct appeal became final | June 25, 2001 | statue begins to run |
|---|---|---|
| Tolling occurred | August 8, 2001 | statute has run 44 days |
| Tolling ended | October 25, 2001 | statute begins to run again |
| Statute of limitations ends | September 11, 2002 | 321 days more have run and limitation period expires. (44 + 321 = 365 days). |

Miller filed his present Petition on January 15, 2003 well beyond September 2002, and his Petition is therefore barred by the §2244(1)'s one-year statute of limitations unless he can show some other intervening event tolled the limitations period or unless equitable estoppel prohibits application of the statute of limitations.

Respondent correctly points out that only two possible tolling events occurred; both occurred in the Court of Common Pleas. The first event was Miller's May 18, 2001 Motion for Postconviction Relief. The trial court dismissed this Motion as untimely. (Doc. #23, Exh. R). Consequently, this Motion did not toll §2244(d)'s limitations period because it was not a "properly filed" motion for collateral or postconviction relief.

The other possible tolling event was Miller's February 5, 2002 Motion for Lawful Speedy Trial. This, however, was not "properly filed" because it involved, as the trial determined, issues that could have been raised on direct appeal. (Doc. #23, Exh. W).

Respondent contends that equitable tolling does not rescue Miller's Petition from its time

---

[4] *See* Ohio S.Ct. R. Pract., Rule II, §2(A).

problems because the applicable factors do not weigh in favor of equitable tolling. Due to the absence of opposition by Miller to Respondent's Answer or some assertion by Miller of the grounds upon which equitable tolling must apply, Respondent is correct that equitable tolling does not apply to the present case. The record, moreover, reveals no indication that Miller lacked either actual or constructive knowledge of §2244(d)(1)'s limitation period or that he has been diligent in pursuing his federal habeas claims. In these circumstances, equitable tolling does not assist Miller in avoiding the applicable one-year statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Accordingly, 28 U.S.C. §2241(d)(1)'s one-year statute of limitations bars Miller's Petition.

## V. CERTIFICATE OF APPEALABILITY

Before Miller may appeal a denial of his Petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a Petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

If the District Court dismisses the Petition on procedural grounds without reaching the merits of the constitutional claims, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings.


*Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring)).

In the instant case, the conclusions that Miller's Petition is time barred and not subject to equitable tolling are not debatable among jurists of reason.  Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. John M. Miller's Petition for a Writ of Habeas Corpus (Doc. #2) be DISMISSED;

2. A certificate of appealabilty under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

October 20, 2005

                                                           s/ Sharon L. Ovington
                                                              Sharon L. Ovington
                                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).